**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH ZAGAR and | ) | |
| MARY ZAGAR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.  3:12-cv-413 |
| vs. | ) | |
| | ) | |
| CREDIT SMART, LLC, | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, JOSEPH ZAGAR and MARY ZAGAR, by and through their attorneys, LUXENBURG & LEVIN, LLC, and for their Complaint against the Defendant, CREDIT SMART, LLC, Plaintiffs allege and state as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3.      Plaintiffs are individuals who were at all relevant times residing in Dayton, Ohio.

4.      Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs.

6.      The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiffs to pay money arising out of a transaction in which the  money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.      On information and belief, Defendant is a limited liability company of the State of New, which is licensed to do business in Ohio and which has its principal place of business in Huntington, New York.

## <u>COUNT I</u>

(Violation of the Fair Debt Collection Practices Act)

8.      Defendant, through its agents, representatives and/or employees, began contacting Plaintiffs during or about the calendar year of 2012 in attempts to collect the aforementioned alleged debt, but failed to identify themselves as debt collectors during the course of every communication with Plaintiffs.

9.      Defendant's agents, representatives and/or employees identified Defendant's name as "CS Processing" in communications with Plaintiffs.

10.      In telephone communications with Plaintiffs during or about the month of October 2012, Defendant's agents, representatives and/or employees threatened to (a) file a judgment against Plaintiffs, (b) add $3,000 to the alleged debt to cover court costs and attorney

fees, (c) garnish Plaintiffs' wages; and (d) file a lien against Plaintiffs' home. Defendant had no intent of taking the above listed actions at the time the threats were made. Further, as of today's date, Defendant has not filed a lawsuit against Plaintiffs in an attempt to collect the alleged debt.

11. Defendant failed to provide Plaintiffs notice regarding the alleged debt, as required by 15 U.S.C. § 1692g(a).

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

a. Falsely representing or implying that Defendants employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

b. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of our Plaintiffs' property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

c. Threatening to take action that could not legally be taken and/or that was not intended to be taken , in violation of 15 U.S.C. § 1692e(5);

d. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

e. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

f.      Using a business, company or organization name other than the true name of Defendant's company, in violation of 15 U.S.C. § 1692e(14);

g.      Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g; and

h.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13.     As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, JOSEPH ZAGAR and MARY ZAGAR, respectfully pray for a judgment against Defendant as follows:

a.      Statutory damages of $1,000.00 for each Plaintiff for each violation of the FDCPA;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

c.      Any other relief deemed appropriate by this Honorable Court.

## <u>COUNT II</u>

(Violation of the Ohio Consumer Sales Practices Act)

14.     Plaintiffs hereby adopt, re-allege and incorporate by reference all allegations set forth above as though fully rewritten here.

15.     Defendant's actions in attempting to collect the alleged debt from Plaintiffs as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

16.     Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

17.     Plaintiffs are "consumers" as defined in Ohio Rev. Code § 1345.01(D), as they are persons who engaged in a consumer transaction with a supplier, the Defendant herein.

18.     Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

19.     Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

20.     As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiffs have suffered, and continue to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiffs, JOSEPH ZAGAR and MARY ZAGAR, respectfully pray for a judgment against Defendant as follows:

a.      Statutory damages of $200.00 for each Plaintiff for each violation of the OCSPA;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiffs hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com